O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELLEN LEE GILFOY,<br><br>             Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 15-03073-DFM<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Ellen Lee Gilfoy ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability benefits. On appeal, the Court concludes that the ALJ erred by failing to consider whether Plaintiff's carpal tunnel syndrome was a severe impairment. Therefore, the ALJ's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## BACKGROUND

Plaintiff filed an application for Social Security disability insurance benefits on January 19, 2012, alleging disability beginning September 16, 2006. Administrative Record ("AR") 144-45. Plaintiff's date last insured was

December 31, 2011. AR 30. After Plaintiff's application was denied, she requested a hearing before an ALJ. AR 91-92. On September 17, 2013, Plaintiff, who was represented by counsel, appeared and testified at the hearing. AR 40-63. On October 9, 2013, the ALJ issued an unfavorable decision. AR 25-39. In reaching his decision, the ALJ found that Plaintiff had the medically determinable impairments of fibromyalgia, migraine headaches, osteoarthritis, gastroesophageal reflux disease, irritable bowel syndrome, obesity, osteopenia, degenerative joint disease of the bilateral knees, right wrist fracture, fracture of cuboid bone, and left shoulder impingement. AR 30. However, the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments that significantly limited her ability to perform basic work-related activities. AR 31. After the Appeals Council denied Plaintiff's request for review, AR 5-10, this action followed.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ's finding of a non-severe impairment is supported by substantial evidence and is free of legal error. See Joint Stipulation ("JS") at 3-25. Plaintiff claims that the ALJ improperly rejected evidence of Plaintiff's carpal tunnel syndrome and did not consider the condition in assessing whether Plaintiff had a severe impairment.[1]

///

///

---

[1] Because the Court concludes that the ALJ erred in failing to consider evidence of Plaintiff's carpal tunnel syndrome at step two of the sequential evaluation process, the Court does not reach the ALJ's evaluation of Plaintiff's other impairments and will not decide whether those other conditions warrant a finding of severe impairment. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

2

# III.

## DISCUSSION

Plaintiff contends that the ALJ improperly rejected the findings of a nerve conduction study when finding a lack of objective evidence to show that Plaintiff's carpal tunnel syndrome was a medically determinable impairment. JS at 7. The Court agrees.

"In step two of the disability determination, an ALJ must determine whether the claimant has a medically severe impairment or combination of impairments." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011). The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. § 404.1521(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, and carrying, and mental functions such as understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)). An impairment is not severe if it is only a slight abnormality with "no more than a minimal effect on an individual's ability to work." See SSR 85-28, 1985 WL 56856, at *3 (1985); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988). A "finding of no disability at step two" may be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that [the claimant's] claim was 'groundless'").

Here, the ALJ noted that although Plaintiff was diagnosed with carpal tunnel syndrome before the date last insured, "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." AR 30. However, a December 2012 nerve conduction study revealed "very severe RIGHT median neuropathy at the wrist," with median nerve showing "severe axonal loss," as well as "moderate LEFT median neuropathy at the wrists with borderline axonal loss of the motor fibers of the median nerve." AR 456. The ALJ refused to consider the December 2012 nerve conduction study solely because the study was not within the relevant time period. AR 30 (citing AR 456-58). While the ALJ must consider only impairments Plaintiff had before the date last insured, "'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition.'" Lester v. Charter, 81 F.3d 821, 832 (9th Cir. 1995) (quoting Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988)). "It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." Smith, 849 F.2d at 1225 (citing Bilby v. Schweker, 762 F.2d 716, 719 (9th Cir. 1985). The Court therefore cannot agree that the ALJ properly evaluated whether Plaintiff's carpel tunnel syndrome was a medically determinable impairment.

The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities without considering the possible limitations of Plaintiff's carpal tunnel syndrome. Because the ALJ did not consider Plaintiff's carpal tunnel syndrome as part of his assessment of whether Plaintiff had a medically severe impairment or combination of impairments, the Court is unable to determine whether the ALJ's step two determination was free of error and supported by substantial evidence. See Smolen, 80 F.3d at 1282 (holding that ALJ erred in limiting his review of the record to certain impairments and

4

ignoring medical evidence of other impairments without any explanation). The Court therefore must reverse the ALJ's decision denying benefits.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the evidence shows an impairment that might be considered "severe" within the meaning of the Social Security Regulations. And, even if Plaintiff's carpel tunnel syndrome resulted in a finding that Plaintiff had a severe impairment or combination of impairments before the date last insured, such a finding might not prevent Plaintiff from performing her past relevant work or work in the national economy. However, these are not determinations that this Court can make. Accordingly, the case is remanded for further evaluation in accordance with the five-step sequential process.

///
///
///
///
///

5

**IV.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: June 17, 2016

 

 

 

DOUGLAS F. McCORMICK
United States Magistrate Judge

6